## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT
CIVIL ACTION NO. 05-0278B

THOMAS M. KELLEY,
    Plaintiff,

VS.

TOWN OF PLYMOUTH and
ROBERT J. POMEROY, as Chief of the
Plymouth Police Department and
Individually,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 3 1 2005

_Fland R Powers_
CLERK

### WRITTEN NOTICE OF REMOVAL TO
### FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of

the Commonwealth of Massachusetts, Plymouth County, to the United States District

Court for the District of Massachusetts (a copy of which Notice is filed herewith) was

duly filed on March 28, 2005, in the United States District Court for the District of

Massachusetts. A copy of the Notice of Removal, certified by the United States District

Court for the District of Massachusetts, having been duly filed with the Clerk for the

Superior Court of the Commonwealth of Massachusetts, Plymouth County, in

accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein

unless and until the case is remanded.

Respectfully submitted,
Defendants,
By their attorney,

_Leonard M Kesten_

Leonard H. Kesten, BB0# 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter, Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

**A TRUE COPY ATTEST**

_Fland R. Powers_
**CLERK**

Dated: March 30, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on ___3|30|05___

_Leonard M Kesten_

**COPY**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

## 05   10596 NMG

THOMAS KELLEY,               )
    Plaintiff,               )
                             )
VS.                          )
                             )
TOWN OF PLYMOUTH and         )
ROBERT J. POMEROY, as Chief of the )
Plymouth Police Department and )
Individually,                )
    Defendants.              )

I hereby certify on _____ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on _____3/25/2005___

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, defendants petition for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the defendants state as follows:

1.     On or about March 7, 2003, the plaintiff filed this suit in the Plymouth Superior Court, Civil Action No. 02-1859.

2.     On March 11, 2005, the plaintiffs' complaint was served upon the defendants. Attached as Exhibit A is a copy of the plaintiffs' complaint and summons, which were served upon the defendants.

3.     In the complaint, the plaintiff alleges "42 U.S.C. §1983 provides a cause of action for the violation of a citizen's rights protected by the Constitution of the United States."

4.     Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.　　　　　　　　　　　　　　　　SUPERIOR COURT DEPARTMENT
　　　　　　　　　　　　　　　　　　　　　　TRIAL COURT OF THE COMMONWEALTH
　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 05-0278B

3

Thomas M. Kelley .........................., Plaintiff(s)

　　　　　　vs.

TOwn of Plymouth & Robert J. Pomeroy as
Chief of Police & Individually............, Defendant(s)

> **RECEIVED**
>
> MAR 17 2005
>
> PLYMOUTH SUPERIOR COURT

## SUMMONS

To the above-named defendant:　Robert J. Pomeroy, Individually, Plymouth Police
　　　　　　　　　　　　　　　　Dept. 20 Long Pond Rd,, Plymouth

　　　You are hereby summoned and required to serve upon ....Joseph R. Gallitano, Plaintiff's

attorney, whose address is 34 Main St. Ext. Plymouth MA 02360 answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

　　　Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff          which arises out of the transaction or occurrence that is the subject
matter of the plaintiff     or will thereafter be barred from making such claim in any other action.

> FILED
> COMMONWEALTH OF MASSACHUSETTS
> SUPERIOR COURT DEPT. OF THE TRIAL COURT
> PLYMOUTH COUNTY
>
> MAR 17 2005
>
> Frank R. Fowes
> CLERK

　　　Witness, Barbara J. Rouse Esquire, at Plymouth the .................................9th.....................day of

.........March................, A.D. in the year of our Lord Two thousand and ..five........ .

　　　　　　　　　　　　　　　　　　　　　　　　　　Frank R. Fowes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CLERK

NOTES
1.　This summons is issued pursuant to CLERK 4 of the Massachusetts Rules of Civil Procedure.
2.　When more than one defendant is involved, the names of all defendants should appear in the caption.
　　If a separate summons is used for each defendant, each should be addressed to the particular
　　defendant.
3.　To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
　　Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................, 2004, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5)):..................................................................................................



**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 508-580-2110
*Plymouth, ss.*

　　　　　　　　　　　　　　　　　　　　　　　　　　March 14, 2005

I hereby certify and return that on 3/11/2005 at 3:24PM I served a true and attested copy of the summons, verified
complaint, civil action cover sheet, tracking order, verification of complaint, and exhibits in this action in the following
manner: To wit, by delivering to Officer Dave Nelson, agent, person in charge at the time of service for Robert J.
Pomeroy, individually, at Plymouth Police Dept., 20 Long Pond Road,  Plymouth, MA 02360. Attest (1 copy) ($5.00),
P&H (no mailing) ($1.00), Basic Service Fee ($30.00) Total Charges $36.00

**A TRUE COPY ATTEST**

Frank R. Fowes
**CLERK**

Deputy Sheriff  Russell F. Tinkham, Jr.

Russell ___
*Deputy Sheriff*

attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's office at Plymouth, either you or your

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                                     SUPERIOR COURT DEPARTMENT
                                                                 TRIAL COURT OF THE COMMONWEALTH
                                                                 CIVIL ACTION NO. 05-0278B

Thomas M. Kelley
.............................................., Plaintiff(s)

                    vs.

Town of Plymouth & Robert J. Pomeroy as
Chief of Police & Individually
.............................................., Defendant(s)

```
RECEIVED

MAR 17 2005

PLYMOUTH SUPERIOR COURT
```

## SUMMONS

To the above-named defendant: Robert J. Pomeroy, Chief of Police, Plymouth Police Dept. 20 Long Pond Rd,, Plymouth

You are hereby summoned and required to serve upon Joseph R. Gallitano, Plaintiff's attorney, whose address is 34 Main St. Ext. Plymouth MA  02360 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff' attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the .......9th...........................day of ......March......................, in the year of our Lord Two thousand and ....five....... .

                                                                 .............................................
                                                                 CLERK

## NOTES

1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.   To the plaintiff's attorney: please circle type of action involved–Tort–Motor Vehicle Tort–Contract– Equitable Relief–Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................., 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant       in the following manner:See Mass. R. Civ. P. 4 (d) (1-5)

**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 508-580-2110
*Plymouth, ss.*

                                                                 March 14, 2005

I hereby certify and return that on 3/11/2005 at 3:24PM I served a true and attested copy of the summons, verified complaint, civil action cover sheet, tracking order, verification of complaint, and exhibits in this action in the following manner: To wit, by delivering to Officer Dave Nelson, agent, person in charge at the time of service for Robert J. Pomeroy, Chief of Police, at , 20 Long Pond Road,  Plymouth, MA 02360. Attest (1 copy) ($5.00), P&H (no mailing) ($1.00), Basic Service Fee ($30.00), Conveyance ($4.50), Travel ($3.20) Total Charges $43.70

**A TRUE COPY ATTEST**

                                                                 *Deputy Sheriff*

CLERK

Deputy Sheriff   Russell F. Tinkham, Jr.

# ATTORNEY JOSEPH R. GALLITANO
## & ASSOCIATES

34 MAIN STREET EXT., SUITE 202, PLYMOUTH, MASSACHUSETTS 02360
(508) 746-1500        FAX (508) 747-1150

March 16, 2005

Clerk, Civil
Plymouth Superior Court
Court Street
Plymouth, MA  02360

RE:  Thomas M. Kelley v. Town of Plymouth, et al

Dear Sir or Madam:

Enclosed for filing in the above-captioned matter are the original Summonses with returns of service.

Thank you for your cooperation in this matter.

Very truly yours,

Joseph R. Gallitano

JRG/pjm

Enclosures

PLYMOUTH, ss.

**RECEIVED**

MAR 17 2005

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. 05-0278B

**5**

Thomas M. Kelley ........................., Plaintiff(s)

vs.

Town of Plymouth & Robert J. Pomeroy
as Chief of Police & Individually
........................., Defendant(s)

**FILED**
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 17 2005

*[signature]*
CLERK

## SUMMONS

To the above-named defendant: Town of Plymouth, through its agent, Kenneth A. Tavares, Ch. of Bd. of Selectmen, Plymouth Town Hall, 11 Lincoln St., Plymouth

You are hereby summoned and required to serve upon Joseph R. Gallitano, Plaitiff's attorney, whose address is 34 Main St. ext. Plymouth MA 02360 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ........9th........day of ........March........, in the year of our Lord Two thousand and ...five...... .

*[signature]*
CLERK

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................., 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant in the following manner(See Mass. R. Civ. P. 4(d)(1-5):.........................

**Plymouth County Sheriff's Department • P.O. Box 1663 • Brockton, MA 02303 • 508-580-2110**
*Plymouth, ss.*

March 15, 2005

I hereby certify and return that on 3/11/2005 at 3:09PM I served a true and attested copy of the summons, verified complaint, civil action cover sheet, tracking order, verification of complaint, and exhibits in this action in the following manner: To wit, by delivering in hand to Lisa Johnson, agent, person in charge at the time of service for Town of Plymouth, at , Town Hall, 11 Lincoln Street Plymouth, MA. Attest (1 copy) ($5.00), P&H (no mailing) ($1.00), Basic Service Fee ($30.00) Total Charges $36.00

**A TRUE COPY ATTEST**

*[signature]*
**CLERK**
Deputy Sheriff  Russell F. Tinkham, Jr.

*[signature]*
*Deputy Sheriff*

You are hereby notified that you do not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS
PLYMOUTH, ss.    SUPERIOR COURT DEPARTMENT
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. 05-0278B

Thomas M. Kelley ..........................., Plaintiff(s)

vs.

Town of Plymouth & Robert J. Pomeroy
as Chief of Police & Individually
......................................................., Defendant(s)

**RECEIVED**

**MAR 17 2005**

PLYMOUTH SUPERIOR COURT

## SUMMONS

To the above-named defendant:    Town of Plymouth through its agent, Lawrence Pizer,
Town Clerk, Plymouth Town Hall, 11 Lincoln St., Plymouth

You are hereby summoned and required to serve upon Joseph R. Gallitano, Plaintiff's
attorney, whose address is 34 Main St. Ext. Plymouth MA 02360 an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject
matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ........9th........................day of

....................March........., in the year of our Lord Two thousand and ..five....... .

*Frank R. Fowes*
CLERK

NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
       If a separate summons is used for each defendant, each should be addressed to the particular
       defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
       Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..........................................., 2004, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner (See Mass. R. Civ. P. 4(d)(1-5)):...........................................................................................

---

**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 508-580-2110
*Plymouth, ss.*

March 15, 2005
I hereby certify and return that on 3/11/2005 at 3:05PM I served a true and attested copy of the summons, verified
complaint, civil action cover sheet, tracking order, verification of complaint, and exhibits in this action in the following
manner: To wit, by delivering in hand to Lawrence Pizer, agent, person in charge at the time of service for Town of
Plymouth, at , Town Hall, 11 Lincoln Street Plymouth, MA. Attest (1 copy) ($5.00), P&H (no mailing) ($1.00), Basic
Service Fee ($30.00) Total Charges $36.00

**A TRUE COPY ATTEST**

*Frank R. Fowes*
**CLERK**

Deputy Sheriff  Russell F. Tinkham, Jr.



*Deputy Sheriff*

attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.   05-0278B

> RECEIVED
>
> MAR 1 7 2005
>
> PLYMOUTH SUPERIOR COURT

Thomas M. Kelley ........................... Plaintiff(s)

vs.

Town of Plymouth & Robert J. Pomeroy
as Chief of Police & Individually ........... Defendant(s)

### SUMMONS

To the above-named defendant:  Town of Plymouth through its agent, Mark Silvia,
Town Manager, Plymouth Town Hall, 11 Lincoln St. Plymouth

You are hereby summoned and required to serve upon .Joseph..R...Gallitano. plaintiff
attorney, whose address is .34..Main..St...Ext.,..Plymouth,.MA..02360. answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiff ' s attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff      which arises out of the transaction or occurrence that is the subject
matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the ......... 9th ..............................day of
March ...................................................., in the year of our Lord Two thousand and four five.

Fransl R. Fowler

CLERK.

NOTES

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular
    defendant.
3.  To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
    Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 2004, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant      , in the

**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 508-580-2110
*Plymouth, ss.*

March 15, 2005

I hereby certify and return that on 3/11/2005 at 3:09PM I served a true and attested copy of the summons, verified
complaint, civil action cover sheet, tracking order, verification of complaint, and exhibits in this action in the following
manner: To wit, by delivering in hand to Lisa Johnson, agent, person in charge at the time of service for Town of
Plymouth, at , Town Hall, 11 Lincoln Street Plymouth, MA. Attest (1 copy) ($5.00), P&H (no mailing) ($1.00), Basic
Service Fee ($30.00), Conveyance ($1.50), Travel ($3.20) Total Charges $40.70

Fransl R. Fowler

CLERK

Deputy Sheriff  Russell F. Tinkham, Jr.

Russell ODaly

*Deputy Sheriff*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2005-00278-B**

RE:  **Kelley v Plymouth et al**

TO:Joseph R Gallitano, Esquire
34 Main St Extension
Suite#202
Plymouth, MA 02360

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/06/2005 |
| All motions under MRCP 15 filed | 08/06/2005 |
| All discovery requests and depositions completed | 01/03/2006 |
| All motions under MRCP 56 served and heard | 02/02/2006 |
| Final pre-trial conference held and firm trial date set | 03/04/2006 |
| Case disposed | 05/03/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (Court Street, Plymouth) at Plymouth Superior Court.**

Dated: 03/09/2005

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 447799 inidoc01 santospa

**A TRUE COPY ATTEST**

*Francis R. Powers*

**CLERK**

# CIVIL ACTION COVER SHEET

Trial Court of Massachusetts
SUPERIOR COURT DEPARTMENT
Plymouth Division

05-0278B

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Thomas M. Kelley | Town of Plymouth  and Robert J. Pomeroy as Chief of the Plymouth Police Dept. & Individually |

| ATTORNEY(S) FIRM NAME, ADDRESS AND TEL) | ATTORNEY(S) (if known) |
|---|---|
| Joseph R. Gallitano, Esq. 34 Main St. Ext., Suite 202 Plymouth MA  02360 (508) 746-1500 | |
| Board of Bar Overseers # (Required)  183700 | |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

## ORIGIN CODE AND TRACK DESIGNATION

MAR 9 2005

Place an ☒ in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. c 231, s. 104 (F)
- ☐ 3. F03 Retransfer to Sup. Ct. c 231, s. 102C (X)

- ☐ 4. F04 District Ct. Appeal c 231, s. 97 (X)
- ☐ 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R. Civ. P. 60) (X)
- ☐ 6. E10 Summary process appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Tort-Gross Negligence | (F) | ☒ Yes  ☐ No |

**1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)**

The Defendants are in violation of the State Whistle Blower Statute, M.G.L. Ch. 149, Sec. 185.  Gross negligence, willful, wanton and reckless conduct and violation of Plaintiff's rights under the 14th amendment and under 42 USC Sec. 1983 and denial of the Plaintiff's rights under M.G.L. Ch. 41 Sec. 111F.

**2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:**

Money damages include payment of all vacation time, loss of salary and benefits for 16 years he would have served to his normal retirement in the approximate amount of $220,000.00, plus punitive (treble) damages, attorney fees and court costs.

A TRUE COPY ATTEST
Frank R. Fancis CLERK

**3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.**

None.

| SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF | DATE |
|---|---|
| Joseph R. Gallitano | 3/7/05 |

## OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE
### DISPOSITION

A. Judgment Entered
- ☐ 1. Before jury trial or non-jury hearing
- ☐ 2. During jury trial or non-jury hearing
- ☐ 3. After jury verdict
- ☐ 4. After court finding
- ☐ 5. After post trial motion

B. No Judgment Entered
- ☐ 6. Transferred to District Court under G.L. c.231, s.102C.

Disposition Date _____

RECEIVED
BY:
DATE:

DISPOSITION ENTERED
BY:
DATE:

OCAJ 6-mtc 005-6/91

CLERK MAGISTRATE'S COPY

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                          SUPERIOR COURT
                                       C.A. NO.  05-0278B

THOMAS M. KELLEY,                      )
              Plaintiff,               )
v.                                     )
                                       )
THE TOWN OF PLYMOUTH, and ROBERT J.    )
POMEROY, as Chief of the Plymouth Police )
Department and Individually,           )
              Defendants.              )

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR - 9 2005

_Gred R Fowes_
                                    CLERK

## VERIFIED COMPLAINT

1.    The Plaintiff, Thomas M. Kelley (hereinafter "Kelley"), is an individual residing at

119 Arlington Rd., Plymouth, Plymouth County, MA 02360.

2.    The Defendant, Town of Plymouth (hereinafter "Plymouth"), is a duly

incorporated municipality in the Commonwealth of Massachusetts, with a usual place of

business at Plymouth Town Hall, 11 Lincoln Street, Plymouth, MA.

3.    Mark Silvia, is the Town Manager and Chief Executive Officer for the Town of

Plymouth, with a place of business at Plymouth Town Hall, 11 Lincoln Street, Plymouth,

MA, and Eleanor Beth was serving as Town Manager at the time of the alleged incident

set forth herein and Lawrence Pizer serves as Town Clerk for the Defendant, Plymouth,

with offices at 11 Lincoln Street, Plymouth, MA and is the authorized officer for receipt

of service of process in matters of litigation, involving the Town of Plymouth, and

Kenneth A. Tavares as Chairman of the Board of Selectman and Chief Elected Officer of

Plymouth, with a place of business at Plymouth Town Hall, 11 Lincoln Street, Plymouth

MA.

1

4.      The Defendant, Chief Robert J. Pomeroy (hereinafter "Pomeroy"), individually,

who resides at 244 Valley Road, Plymouth, Plymouth County, MA, and in his official

capacity as Chief of Police, Plymouth Police Department, who at all times relevant to the

Complaint was the Chief of Police for the Plymouth Police Department, with a usual

place of business at 20 Long Pond Road, Plymouth, MA  02360.

## FACTS

5.      Kelley, was appointed as a Police Officer in the Town of Plymouth on September

19, 1977.

6.      On May 25, 2003, Pomeroy ordered members of the Plymouth police force to

participate in an extremely rigorous and physically demanding drill situation, simulating

the Columbine hostage incident in Colorado, in which students in a high school held

various parties as hostage and were heavily armed at the time.

7.      The drill situation was conducted at the Plymouth North High School on the

aforesaid date and Kelley was required to participate in the drill.

8.      Previous to May 25, 2003, there had been a substantial record of Kelley's

physical impairment.  He had already contracted Lyme Disease. and he was suffering

from Meniere's Disease.  Kelley was taking medication for both conditions.

9.      Pomeroy and Plymouth were well aware of Kelley's medical condition at the time

that Kelley was ordered to participate in the drill.

10.     During the drill on May 25, 2003, Kelley experienced a heart incident similar to a

heart attack, causing him to collapse and requiring him to be hospitalized.

11.     Kelley was taken to the Jordan Hospital for emergency treatment and then

transferred to Beth Israel Hospital in Boston for treatment, where he underwent heart

2

surgery on May 26, 2003. As a result of said injury, Kelley was forced to accept a disability retirement.

12.    Kelley's retirement was approved by the Plymouth Retirement Board on the basis of an Independent Medical Panel, appointed and assigned by the State Retirement System that concluded that the cardiac incident he suffered, was a direct result of the May 25, 2003, Columbine drill. This left Kelley with a permanent disability, making it impossible for him to serve as a police officer any longer in Plymouth.

13.    The Independent Medical Panel also determined that Kelley's injury suffered on May 25, 2003, was an injury in the line of duty under Chapter 41, Section 111F, and thus he was entitled to any medical benefits related thereto as well as to his disability retirement.

14.    Prior to the May 25, 2003, drill, the Plymouth Police Union ("Union"), through its president and other representatives, approached Pomeroy and requested that he institute a protocol to review members of the force who might not be physically able to undergo such a rigorous and stressful drill situation.

15.    The Union advised Pomeroy that there were members of the force who had existing medical conditions that could possibly put them at risk for injury, some of which could even be life threatening.

16.    Pomeroy refused to establish or institute any type of protocol and insisted that all members of the force would take part in the drill regardless of their medical situation or previous medical history.

17.    After he was approved for disability retirement, Kelley submitted a request for reimbursement for vacation time he had to use before he was relieved of duty and put officially on disability. Under Mass. General Laws Ch. 41, Section 111F, Kelley was

3

entitled to reimbursement of $2,000.00 for vacation days he had to use for sick leave, after May 25, 2003.

18.    Pomeroy refused to reimburse Kelley as requested. Moreover, the Personnel Board of the Town of Plymouth refused to authorize the reimbursement because Pomeroy refuted that Kelley's injury was a result of the May 25, 2003, Columbine-like drill.

19.    Pomeroy maintained that Kelley's use of vacation benefits as sick time was not related in any way to an injury on duty.

20.    Pomeroy made this determination in bad faith because he had been informed that the Independent Medical Panel had in fact ruled Kelley's injury was on duty and directly related to the May 25, 2003, drill.

21.    About a year before the drill, Kelley in his capacity as a Town Meeting Member and a member of the Plymouth Retirement Board, raised an issue regarding Pomeroy's use of funds to reimburse himself for benefits that were not included as part of his income and should have been shown as income to him in his departmental budget. Kelley alleged Pomeroy was accepting compensation and not showing it in his budget in a manner that was prohibited by statute.

22.    Kelley reported this situation to the Inspector General's Office of the Commonwealth of Massachusetts. The Office investigated the matter and reported to the Town that the manner in which Pomeroy was compensating himself for educational benefits without declaring it under the line item budget area for compensation to him for income and without authorization per a by-law or written agreement with the Town was inappropriate and in violation of state law, and required Town Meeting action to correct the situation.

4

23.    Subsequently, Town Meeting voted to ratify the past inappropriate compensation and authorization of funds to Pomeroy to make said payment in compliance with state regulations.

24.    Pomeroy was well aware that Kelley had reported him to the Inspector General's Office.

25.    When Pomeroy insisted that Kelley be included in the Columbine-like drill on May 25, 2003, he knew that Kelley had reported him to the Inspector General's Office, and he knew Kelley's medical conditions were preexisting and would place him in harm.

26.    Further, Pomeroy was well aware that Kelley's cardiac incident on May 25, 2003, was a result of the drill, and was well aware of the report of the Independent Medical Panel, which reviewed Kelley's injury on two points, one as an application for disability retirement and one as an injury on duty, and concluded that his condition was the result of an injury on duty on May 25, 2003, and directly related to the Columbine-like drill, which was the proximate cause of Kelley's injury.

27.    Despite this information, Pomeroy refused to compensate Kelley for vacation time, which he legitimately had to use and was entitled to have reimbursed under Chapter 41, Section 111F.

## CAUSES OF ACTION

**COUNT I:    VIOLATION OF THE STATE WHISTLE BLOWER STATUTE
M.G. L. Chap. 149, Sec. 185**

28.    Kelley repeats and reavers paragraphs 1 through 27 as if expressly set forth fully
herein.

29.    Kelley is an employee under M.G.L. 149, Section185, and his activities in
reporting violations and improprieties of other employees and supervisors was an activity
protected by the statute.

30.    Pomeroy's failure to pay for Kelley's vacation time under a Chapter 41, Section
111F, the failure to screen members of the police force and prevent Kelley in particular
from participating in the aforesaid strenuous and stressful drill, were retaliatory in nature.

31.    Said retaliation by Pomeroy was because Kelley reported Pomeroy to the
Inspector General's Office.

32.    Pomeroy's denial and the denial by the Plymouth Town Manager at that time,
Pamela Nolan, of Chapter 41 Section 111F funds due Kelley was also retaliatory.

33.    All aforesaid actions were in violation of Chapter 149, Section 185, which
prohibits retaliatory actions against employees who have reported wrongdoing to a
disciplinary body/office or public policy-making body such as the Inspector General's
Office.

34.    As a result of the actions taken by Plymouth through its Town Manager and
Pomeroy, Kelley is entitled to triple damages, attorney's fees and reasonable court costs.

35.    Kelley's claims include the payment of all vacation time as well as payment for
loss of all salary and benefits for the sixteen years he would have served to his normal
retirement date, all in an amount of approximately $220,000.00.

6

**Wherefore**, Kelley demands a judgment for treble damages, both compensatory and punitive, against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## COUNT II: GROSS NEGLIGENCE ,WILLFUL, WANTON AND RECKLESS CONDUCT

36.    The Plaintiff repeats and reavers paragraphs 1 through 35 as if expressly set forth fully herein.

37.    The actions of the Town of Plymouth and the Plymouth Police Department, through Pomeroy, by failing to screen the members of the Department who would be taking part in the drill, in which the men were to be put through a rigorous, physically demanding, and stressful drill involving a hostage situation similar to the Columbine incident, resulted in Kelley suffering a cardiac incident and life-altering injury.

38.    It was well known by Pomeroy and other supervisory members of the Police Department, and well documented in Kelley's personnel file, that he had several physical illnesses for which he was being treated and being medicated; and therefore, that his participation in such an activity would place him at great risk.

39.    The Defendants owed Kelley a duty of care not to expose him needlessly to a dangerous exercise considering his pre-existing conditions.

40.    The decisions to make all members of the Department, regardless of their physical condition, participate in this exercise was willful, wanton, and reckless conduct by Plymouth, its Police Department, and in particular Pomeroy.

41.    Specifically, the Town, through Pomeroy, was negligent by failing to institute a protocol to screen members of the department who would be at risk due to existing medical conditions known to the department.

7

42.    The aforesaid negligence of the Defendants was the proximate cause of Kelley's injuries.

43.    Said acts were also intentional in nature, constituting retaliation against a whistle blower.

44.    The Defendants' action forced Kelley into an early disability retirement, which was not his choice and denied him another sixteen years of service, depriving him of 20% of his salary over the next sixteen years, as well as benefits and contribution to his normal retirement, resulting in a loss of income to him in excess of $200,000.00.

**Wherefore**, Kelley demands a judgment for damages, both compensatory and punitive, against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

**Count III:    VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE 14TH AMENDMENT EQUAL PROTECTION UNDER THE LAW AND HIS RIGHTS UNDER 42 USC, SECTION 1983**

45.    Kelley repeats and reavers paragraphs 1 through 44 as if expressly set forth fully herein.

46.    Kelley's constitutional rights were violated in that no other member in a similar position of the Department or any other employee in the Town of Plymouth in a similar position, has been treated in such fashion and therefore the actions of the Town were in violation of his 14th Amendment Rights, as well as federal statutes protecting him from such treatment and providing for equal protection under the law.

47.    Kelley was routinely harassed by Pomeroy and treated differently then other officers in the Plymouth Police Department by monitoring his every movement on a daily

8

basis. See Affidavit of Kevin Fahey, annexed hereto and made a part hereof and marked as Exhibit A.

48.    Kelley served on the Plymouth Retirement Board, as did other Town employees. But, contrary to standard operating procedures, Plymouth and Pomeroy insisted upon reimbursement by the Retirement Board of any salary time Kelley spent on Retirement Board business. Kelley was the only Town employee who was serving or who had served on the Retirement Board subjected to such scrutiny and reimbursement policy. See Affidavit of Contributory Retirement Board Director, Debra J. Sullivan, annexed hereto and made a part hereof and marked as Exhibit B.

49.    By denying Kelley the use of vacation time and reimbursement of same for sick leave under Chapter 41, Section 111F, he was subjected to different treatment then any other police officer or other Town employee in similar circumstances.

50.    Further, by denying Kelley the reimbursement of funds, as aforesaid, and more importantly knowingly and intentionally forcing Kelley to take part in a drill any reasonably prudent person would have known would be a dangerous situation physically for Kelley, Pomeroy violated 42 U.S.C. 1983, because Pomeroy sought to harm Kelley and maliciously took action against him, exposing Kelley to treatment different from other officers on the force with the intent of causing Kelley harm.

51.    Although Pomeroy ordered all police personnel to take part in the aforesaid Columbine like drill, he did so as a pretext to cover his true intentions to harm Kelley by forcing him to take part in an exercise that would be hazardous to him. Pomeroy did so fully knowing of Kelley's pre-existing medical conditions.

52.    Pomeroy used the drill exercise as one more method to further harass Kelley in an effort to force him out of the Police Department and to retaliate against Kelley for reporting him to the State Inspector General.

9

Wherefore, Kelley demands a judgment for damages, both compensatory and punitive, against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## COUNT IV: DENIAL OF PLAINTIFF'S RIGHTS UNDER M.G.L. CHAP. 41, SEC. 111F.

53.     The Plaintiff repeats and reavers paragraphs 1 through 53 as if expressly set forth fully herein.

54.     As a result of having to take time to seek medical treatment, Kelley had to use some vacation time, which should have been reimbursed to him in the approximate amount of $2,000.00. Kelley was entitled to reimbursement pursuant to Mass. Gen. Laws Chapter 41, Section 111F.

55.     Kelley made numerous requests and demands for reimbursement for said days of vacation time to the Defendants, but was denied by Pomeroy and Plymouth through its Town Manager.

56.     Kelley is specifically entitled to reimbursement of any benefits and rights as set forth in M.G.L. Chapter 41, Section 111F and refusal to compensate Kelley accordingly by the Defendants is a violation of Mass. Gen. Laws Chapter 41, Section 111F.

Wherefore, Kelley demands a judgment for damages, both compensatory and punitive, against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

10

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

THOMAS M. KELLEY, the Plaintiff,

By his attorney,

Joseph R. Gallitano, BBO # 183700
Gallitano & Associates
34 Main St. Ext., Suite 202
Plymouth, MA  02360
(508) 746-1500

Dated:  March 9, 2005

A TRUE COPY ATTEST

CLERK

11

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                              SUPERIOR COURT
                                          C.A. NO. 05-0278B

THOMAS M. KELLEY,                    )
            Plaintiff,               )
v.                                   )
                                     )
THE TOWN OF PLYMOUTH, ROBERT J.      )
POMEROY, as Chief of the Plymouth Police )
Department and Individually,         )
            Defendants.              )

## VERIFICATION OF COMPLAINT

I, Thomas M. Kelley, being first duly sworn, state that I am the Plaintiff in the

above-entitled action, that I have read the foregoing complaint and know the contents

thereof, and that the same is true to my own knowledge and belief.

                                    _____
                                    THOMAS M. KELLEY

Dated:  March 7, 2005

A TRUE COPY ATTEST

_Frank R. Powers_
CLERK

# EXHIBIT B

### Affidavit of Kevin P. Fahy

1. I, Kevin P. Fahy, of Hedges Pond Rd., Plymouth, MA, am the 8 to 4 Shift Supervisor for the Plymouth Police Department in Plymouth, MA.

2. For over 18 years I was Officer Thomas Kelley's (Tom) supervisor, shift commander and friend.

3. While working for me on the 8 to 4 shift Tom was elected to the Plymouth Retirement Board.

4. A short time later Tom questioned Chief Robert Pomeroy's (Pomeroy) right to receive "incentive pay" and this signaled the beginning of Tom's every movement being scrutinized by Pomeroy and Captain Botieri (Botieri).

5. Botieri came into the lieutenant's office and he stated, "the chief doesn't like his money being fucked with".

6. I was told that when Tom went to his retirement board meetings he was to be logged off duty in the daily log.

7. If Botieri went by and found Tom at the Town Hall he wanted to know from me why he was there; the time he went off and the time he got back out on the road.

8. Tom was the only officer that I know of who was monitored everywhere he went.

Subscribed and sworn to under the pains and penalties of perjury this 23rd day of June 2004.

_Kevin P. Fahy_
Kevin P. Fahy

**A TRUE COPY ATTEST**

_Frank R. Powers_
**CLERK**

1



TOWN OF PLYMOUTH

OFFICE OF THE

# CONTRIBUTORY RETIREMENT BOARD

11 Lincoln Street
Plymouth, Massachusetts 02360-3325
FAX (508) 830-4019
(508) 830-4170

January 29, 2004

Mr. Thomas Kelley
41 Arlington Rd.
Plymouth, MA 02360

RE: Retirement Board Expense

Dear Mr. Kelley:

At your request, please accept this letter as verification that your service to the Town of Plymouth Retirement System, as its elected member, began in December 18, 1996.

During this time period, if you were scheduled to work your position as a full time police officer, and those hours conflicted with your service to the Retirement System, the Retirement System was required to reimburse the Town of Plymouth for those earnings by way of a charge back through payroll.

It has been my experience since 1991, as the Board Director, to have this be the practice in only your position. It is also noted, that there are other Board members who serve the Town as well as the System.

Yours truly,

Debra J. Sullivan
Director

♻ Printed on recycled paper.