UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 NMG

THOMAS KELLEY,
    Plaintiff,

VS.

TOWN OF PLYMOUTH and
ROBERT J. POMEROY, as Chief of the
Plymouth Police Department and
Individually,
    Defendants.

## DEFENDANTS' ANSWER TO PLAINITFF'S VERIFIED COMPLAINT

### FIRST DEFENSE

The defendants state that the plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The defendants hereby answer the plaintiff's Complaint, Paragraph by Paragraph, as follows:

1. The defendants admit the allegations contained in this paragraph.

2. The defendants admit the allegations contained in this paragraph.

3. The defendants admit that Mark Sylvia is the Town Manager of the Town for Plymouth; the defendants admit that Eleanor Beth was the previous Town Manager for the Town of Plymouth; the defendants admit that Lawrence Pizer is the Town Clerk for the Town of Plymouth; the defendants admit that Kenneth Tavares is the Chairman of the Board of Selectmen for the Town of Plymouth; and further state that the remaining allegations state of conclusion of law to which the defendants need not respond.

4. The defendants admit the allegations contained in this paragraph.

### FACTS

5. The defendants admit the allegations contained in this paragraph.

6. The defendants admit that on May 25, 2003, the Plymouth Police Department participated in a training exercise regarding a potential hostage taking.

7.  The defendants admit the allegations contained in this paragraph.

8.  The defendants deny the allegations contained in this paragraph.

9.  The defendants deny the allegations contained in this paragraph.

10. The defendants lack knowledge sufficient to allow them to answer this paragraph.

11. The defendants lack knowledge sufficient to allow them to answer this paragraph.

12. The defendants lack knowledge sufficient to allow them to answer this paragraph.

13. The defendants deny the allegations contained in this paragraph.

14. The defendants deny the allegations contained in this paragraph.

15. The defendants deny the allegations contained in this paragraph.

16. The defendants deny the allegations contained in this paragraph.

17. The defendants admit that Kelley submitted a request for reimbursement for vacation time. The defendants deny the remaining allegations in this paragraph.

18. The defendants admit that Chief Pomeroy denied the plaintiff's request to be reimbursed for vacation time. The defendants further admit that the Personnel Board of the Town of Plymouth declined the plaintiff's request.

19. The defendants deny the allegations contained in this paragraph.

20. The defendants deny the allegations contained in this paragraph.

21. The defendants admit that Kelley raised a question regarding Chief Pomeroy's compensation packets. The defendants deny that this occurred "about a year before the drill".

22. The defendants are not aware whether Kelley raised the situation to the Inspector General Office.

23. The defendants state that Town meeting voted to ratify that Chief Pomeroy's compensation package was proper.

24. The defendants deny the allegations contained in this paragraph.

25. The defendants deny the allegations contained in this paragraph.

26. The defendants deny the allegations contained in this paragraph.

27.    The defendants state that Chief Pomeroy properly denied the plaintiff's request for more vacation pay, as it was not properly documented.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE STATE WHISTLE BLOWER STATUTE M.G.L. CH. 149, § 185

28.    The defendants hereby repeat their responses to Paragraphs 1 through 27 of the plaintiff's complaint.

29.    The defendants deny the allegations contained in this paragraph.

30.    The defendants deny the allegations contained in this paragraph.

31.    The defendants deny the allegations contained in this paragraph.

32.    The defendants deny the allegations contained in this paragraph.

33.    The defendants deny the allegations contained in this paragraph.

34.    The defendants deny the allegations contained in this paragraph.

35.    The defendants lack knowledge sufficient to allow them to answer this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

### COUNT II: GROSS NEGLIGENCE, WILLFUL, WANTON AND RECKLESS CONDUCT

36.    The defendants hereby repeat their responses to Paragraphs 1 through 35 of the plaintiff's complaint.

37.    The defendants deny the allegations contained in this paragraph.

38.    The defendants deny the allegations contained in this paragraph.

39.    The defendants deny the allegations contained in this paragraph.

40.    The defendants deny the allegations contained in this paragraph.

41.    The defendants deny the allegations contained in this paragraph.

42.    The defendants deny the allegations contained in this paragraph.

43. The defendants deny the allegations contained in this paragraph.

44. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

### COUNT III: VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE 14TH AMENDMENT EQUAL PROTECTION UNDER THE LAW AND HIS RIGHTS UNDER 42 USC, §1983

45. The defendants hereby repeat their responses to Paragraphs 1 through 44 of the plaintiff's complaint.

46. The defendants deny the allegations contained in this paragraph.

47. The defendants deny the allegations contained in this paragraph.

48. The defendants admit that Kelley served on the Plymouth Retirement Board, as did other Town employees. The defendants deny there were any "standard operating procedures".

49. The defendants deny the allegations contained in this paragraph.

50. The defendants deny the allegations contained in this paragraph.

51. The defendants deny the allegations contained in this paragraph.

52. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees

### COUNT IV: DENIAL OF PLAINTIFF'S RIGHTS UNDER M.G.L. CH. 41, §111F

53. The defendants hereby repeat their responses to Paragraphs 1 through 52 of the plaintiff's complaint.

54. The defendants deny the allegations contained in this paragraph.

55. The defendants deny the allegations contained in this paragraph.

56. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 3

By way of affirmative defense, the defendants state that the defendants' actions are entitled to qualified good faith immunity.

### AFFIRMATIVE DEFENSE NO. 4

By way of affirmative defense, the defendants state that the defendants were privileged in the defendants' conduct and acts and that therefore the plaintiff cannot recover.

## JURY DEMAND

The defendants respectfully demand a trial by jury.

Respectfully submitted,
Defendants,
By their attorney,

/s/ Leonard H. Kesten
Leonard H. Kesten, BB0# 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter, Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: 4/19/05