UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 NMG

| | |
|---|---|
| THOMAS KELLEY,<br>    Plaintiff, | )<br>)<br>) |
| VS. | )<br>) |
| TOWN OF PLYMOUTH and<br>ROBERT J. POMEROY, as Chief of the<br>Plymouth Police Department and<br>Individually,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S SUPPLEMENT TO HIS MOTION FOR A PROTECTIVE ORDER TO LIMIT THE EXAMINATION OF THE DEPOSITION OF THE PLAINTIFF, THOMAS M. KELLEY**

Now come the Defendants in the above-referenced matter and hereby supplement their opposition to the Plaintiff's Motion for a Protective Order to Limit the Examination of the Deposition of the Plaintiff, Thomas M. Kelley (hereinafter "Kelley"), and further respond to Kelley's motion to supplement his motion.

**I.   Background**

On or about September 5, 2006, the defendants filed a motion to compel Kelley to furnish records, information and testimony concerning an executive session meeting of the Town of Plymouth Retirement Board. (Document 23). In response, Kelley filed a motion for a protective order to limit the examination. (Document 29). The defendants then filed their opposition to said motion. (Document 37). Kelley subsequently filed a motion to supplement his motion

for protective order. (Document 39). The Defendants hereby submit this memorandum in opposition to said motion.

## II. ARGUMENT

As previously noted in prior submissions to the court, Federal Rules of Civil Procedure Rule 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. Rule 26(b)(1).

The Advisory Committee notes for Federal Rule 26 described the purpose of discovery "to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of this case."

In the case at bar, the defendants should not be limited in discovery of facts, which may aid them in preparation or presentation of this case. This is particularly germane in light of Kelley's assertion in his latest submission to the court requesting that there be "no examination of Mr. Kelley regarding alleged fraud on the part of the Retirement Board concerning the approval of Mr. Kelley's application for retirement…" (Document 39). What could be more on point in terms of discovery in this case than if fraud occurred on the part of the Retirement Board surrounding the circumstances of Kelley's retirement while at the same time he was acting as chairman of said Retirement Board. The

discovery sought is directly related to Kelley's verified complaint, which alleges, *inter alia,* that as a member of the Plymouth Retirement Board he was subjected to different treatment than other similarly situated police officers or town employees, and further that his activities on the Retirement Board were interfered with by the Defendants. (Document 30).

As to Kelley's request to impound discovery or order nondisclosure, the defendants note that Kelley has publicly accused the defendants of violating his civil rights. (Document 30). No impoundment or nondisclosure order has been in place. The fact that the defendants now seek appropriate discovery on legitimate issues involving Kelley's activities on the Retirement Board should be afforded the same treatment.

Additionally, the defendants have obtained a true copy of the Plymouth Retirement Board executive session at issue. No objection to its production was made by Kelley or the Plymouth Retirement Board.

The Plaintiff's Motion for a protective order should not be allowed in an effort to prevent Kelley from responding to questions that have a direct bearing on this case. Further, no impoundment or nondisclosure order should be imposed.

III. **Conclusion**

For the reasons set forth hereinabove, the **Plaintiff's Motion for a Protective Order and Request for Impoundment or Nondisclosure Order should be denied.**

Respectfully submitted,
DEFENDANTS,
ROBERT J. POMEROY and the
TOWN OF PLYMOUTH,
By their attorneys,


/s/ Jeremy I. Silverfine
Jeremy I. Silverfine, BBO#542779
Leonard H. Kesten, BBO# 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: 11.22.06