## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| **THOMAS M. KELLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **C.A. NO. 05-10596-NMG** |
| | ) |
| **TOWN OF PLYMOUTH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

_____)

### JOINT MOTION FOR THE COURT TO ORDER THE OFFICE OF THE INSPECTOR GENERAL TO PRODUCE AN AFFIDAVIT AND TO ISSUE A PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 45(c)(3)(A), the Office of the Inspector General ("IG") and the plaintiff Thomas M. Kelley ("Kelley") respectfully ask this Court to order the IG to produce an affidavit and issue a protective order. As argued in its September 28, 2006, motion to quash, the IG remains concerned that providing confidential information without such an order may violate federal and state laws and result in civil and criminal penalties. See M.G.L. c. 258; M.G.L. c. 12A, § 13. Thus, the parties respectfully request that this Court order the IG to provide an affidavit in the interest of (1) limiting the IG's disclosure of confidential information; and (2) resolving the discovery dispute between the IG and Kelley. In support of this motion, the parties state the following:

1.    On September 28, 2006, the IG moved to quash the following subpoenas issued by Kelley: (1) a subpoena directed to the Keeper of Records, which commanded the Keeper of the Records to appear and testify on August 16, 2006, and to produce and permit inspection and copying of certain documents ("Keeper of the Records and Document Subpoena"); See Document Subpoena, dated July 20, 2006, attached as Exhibit ("Ex. A"); and two subpoenas

directed towards (2) Edward Quinn, a former Deputy Inspector General for Investigations for the IG ("Quinn"); and (3) Daniel O'Neil, a current Assistant Deputy Inspector General for the IG ("O'Neil"); calling for them to appear and testify at depositions scheduled for September 6, 2006 (respectively, the "Quinn Subpoena" and "O'Neil Subpoena").  <u>See</u> Deposition Notice for Edward Quinn, dated July 20, 2006 ("Quinn Deposition Notice"), attached as Ex. B and Deposition Notice for Dan O'Neil, dated July 20, 2006 ("O'Neil Deposition Notice"), attached as Ex. C.  For the reasons set forth in that motion, which is incorporated herein, the IG argued that the subpoenas should be quashed on the grounds that the IG is limited by federal and state law from providing confidential information.  <u>See</u> Fed.R.Civ.P. 45(c)(2)(B); <u>see also</u> M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. 12A, § 13.

    2.    Subject to this Court granting this motion, the IG and Kelley have reached an agreement that the IG will provide the Affidavit of Barbara J. Hansberry, dated January ___, 2007 ("Affidavit"); attached as Ex. D;[1] in exchange for the following:

        a.    Kelley will not seek any discovery from the IG's current or former officials relating to (1) the complaint that he had made to the IG's office on January 24, 2001, or (2) the IG's investigation of that complaint;

        b.    Kelly agrees to withdraw the following subpoenas:  (1) the Keeper of the Records and Document Subpoena; (2) the Quinn Subpoena; and (3) the O'Neil Subpoena.  <u>See</u> Document Subpoena; Quinn Deposition Notice; O'Neil Deposition Notice.

        c.    Kelley will not seek testimony relating to (1) the complaint that he made

---

[1]In conjunction with the electronic filing of this motion, a copy of the Affidavit will be hand delivered to the Clerk's Office.

to the IG's office on January 24, 2001, or (2) the IG's investigation of that complaint, from any current or former IG officials.

3.    The parties respectfully ask this Court to order the IG to provide the Affidavit in the interest of (1) limiting the IG's disclosure of confidential information; and (2) resolving the discovery dispute between the IG and Kelley.

4.    The parties respectfully ask the Court to enter a protective order that restricts the availability of the Affidavit to the Court, parties, and jury involved in the above-captioned proceeding.  A protective order is necessary insofar as the IG's ability to fulfill its legislative mandate depends upon its ability to maintain the confidentiality of its internal proceedings.  In particular, the Legislative purpose for establishing the office was "to create an apolitical, professional investigative body to support effective prosecution of fraud and corruption [in government] by the full array of forces at the public's disposal."  See Volume 8 Final Report to the General Court of the Special Commission Concerning State and County Buildings, dated December 31, 1980 ("Ward Commission Report"), at 91.  Given the importance of its role in investigating government fraud and corruption, the IG's internal proceedings are confidential.  See G.L. 12A, § 13 (requiring that "[a]ll records . . . shall be confidential.") (emphasis added.); Ward Commission Report at 91.  As noted above, the IG can realize its investigative mission only if it can assure people who cooperate that its internal proceedings are confidential.  See Ward Report at 91.  While the IG has agreed to provide this Affidavit subject to the Court's order in order to avoid further disclosure of confidential information, the parties respectfully ask this Court to make the Affidavit subject to a protective order given the importance to the public that the IG maintain the confidentiality of its investigation of governmental fraud and corruption

to the greatest extent possible.

     5.    The parties respectfully request that the Court issue a protective order that would:

     a.    restrict the availability of the Affidavit to the Court and the parties and jury members involved in the above-captioned matter;

     b.    prohibit this Affidavit from being used in documents that are available to the public;

     c.    prohibit this Affidavit from being posted electronically; and

     d.    the Court would instruct jury members that this is an impounded document that cannot be shared with other members of the public.


     For the foregoing reasons, the parties respectfully request that this Court (1) issue an order requiring the IG to provide the Affidavit; and (2) to make that affidavit subject to a protective order.

Respectfully submitted,

OFFICE OF THE
INSPECTOR GENERAL,

By its counsel,

MARTHA COAKLEY
ATTORNEY GENERAL


/s/ Christine Baily
Christine A. Baily, BBO #643759
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, extension 2617

Date:   February 7, 2007


THOMAS M. KELLEY,

By his attorney,


/s/ Joseph Gallitano
Joseph R. Gallitano, BBO#[].
34 Main Street Extension
Suite 202
Plymouth, MA  02360

Date:   February 7, 2007

<u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1</u>

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I have conferred with Attorney Joseph R. Gallitano, counsel to the plaintiff Thomas M. Kelley.

<u>/s/ Christine Baily</u>
Christine A. Baily, BBO #643759
Assistant Attorney General

Date:   February 7, 2007

-6-

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

Thomas M. Kelley

V.

**SUBPOENA IN A CIVIL CASE**

Town of Plymouth, et al

Case Number:[1]  1:05-cv-10596-NMG

TO:  Keeper of the Records, Office of the Inspector General,
Gregory Sullivan, One Ashburton Place, Rm. 1311, 13th
Floor, Boston, MA  02108

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION  Attorney Joseph R. Gallitano, 34 Main St. Ext., Suite 202, Plymouth MA (508) 746-1500 | DATE AND TIME  8/16/2006 11:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Schedule A.
If said documents are produced certified prior to August 16, 2006, you need not appear in person to testify.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7/20/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph R. Gallitano, Esq., Attorney for the Plaintiff
34 Main St. Ext., Suite 202, Plymouth MA  02360 (508) 746-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A true copy Attest

Deputy Sheriff Suffolk County

AO88. (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Any and all documents, communications, notes, e-mails, memoranda, reports and or findings relating to an investigation by the Inspector General's Office as a result of allegations against the Town of Plymouth by Thomas M. Kelley in January of 2001, in his capacity as a Town Meeting Member and a member of the Plymouth Retirement Board regarding Chief Robert Pomeroy's use of funds to reimburse himself for benefits that were not included as part of his income and should have been shown as income to him in his departmental budget. Kelley alleged Pomeroy was accepting compensation and not showing it in his budget in a manner that was prohibited by statute.

Any and all documents regarding any investigation of Chief Pomeroy and his receipt of so-called "Quinn Bill" funds; without the benefit of a contract or Town By-Law with Plymouth authorizing his receiving aforesaid payments and any documentation relating to action taken by the Inspector General's Office or recommendation, instructions or directives to the Town of Plymouth to take action regarding aforesaid payments to Chief Pomeroy.

# EXHIBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

Thomas M. Kelley

V.

**SUBPOENA IN A CIVIL CASE**

Town of Plymouth, et al

Case Number: 1:05-cv-10596-NMG

TO:  Edward Quinn, 13 Abigail Ave., Harwich, MA  A TRUE COPY ATTEST

DEPUTY SHERIFF

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Attorney Joseph R. Gallitano, 34 Main St. Ext., Suite 202, Plymouth MA (508) 746-1500 | DATE AND TIME 9/6/2006 10:30 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 7/20/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph R. Gallitano, Esq., Attorney for the Plaintiff
34 Main St. Ext., Suite 202, Plymouth MA  02360 (508) 746-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded;

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the party demanding to contest the claim.



# EXHIBIT C

(Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

Thomas M. Kelley

V.

Town of Plymouth, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05-cv-10596-NMG

Inspector Daniel O'Neil, Office of the Inspector General, One
Ashburton Place, Rm. 1311, 13th Floor, Boston, MA  02108

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| CE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| ACE OF DEPOSITION   Attorney Joseph R. Gallitano, 34 Main St. Ext., Suite 202, Plymouth MA (508) 746-1500 | DATE AND TIME   9/6/2006 1:30 am |
|---|---|

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| ACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| EMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
ectors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| UING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 7/20/2006 |

UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
seph R. Gallitano, Esq., Attorney for the Plaintiff
Main St. Ext., Suite 202, Plymouth MA  02360 (508) 746-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

ction is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.