UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10596-NMG

|  |  |
|---|---|
| THOMAS M. KELLEY | ) |
| Plaintiff | ) |
| vs. | ) |
| TOWN OF PLYMOUTH, et. al. | ) |
| Defendants | ) |

**DEFENDANTS' OPPOSITION TO INSPECTOR GENERAL'S MOTION TO QUASH DEPOSITION SUBPOENA DUCES TECUM**

Now come the defendants in the above-referenced matter and hereby respectfully oppose the Inspector General's ("IG") motion to quash the defendants' deposition subpoena *duces tecum*. (Document 62). The defendants further move for an order compelling the IG to produce the documents requested in said subpoena.

On or about February 15, 2007, the defendants served the IG's office with a subpoena (see copy of subpoena attached hereto as "Exhibit 1") requesting documents relating to a meeting between the plaintiff ("Kelley") and the IG's office on January 24, 2001. Since that time the IG has sought leave to file a reply, which this court has granted.

Kelley had met with the IG on January 24, 2001, ostensibly to file a complaint against defendant Plymouth Police Chief Robert Pomeroy ("Pomeroy") for allegedly receiving funds he was not entitled. Kelley has subsequently filed this suit against Pomeroy and the Town of Plymouth alleging, in part, that he was retaliated against for making such complaint(s) to the IG. The defendants now seek to discover the statements and information Kelley provided to the IG. Fed.R.Civ.P. Rule 26 (b)(1) allows the parties to obtain discovery on matters that are relevant to the subject mater involved in the pending action. The information sought by the defendants is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. Rule 26 (d)(1). Said statements and information sought by the defendants are directly on point to the case that Kelley has brought in this matter.

The IG has objected to responding to the subpoena on several grounds. One objection is that the information is readily accessible elsewhere. This simply is not accurate. The information sought by the defendants is not readily accessible. The information sought by the defendants, particularly the statements provided to the IG, cannot be discovered elsewhere. The statements made to the IG are the only ones that exist. Kelley has made certain serious allegations against Pomeroy for allegedly receiving funds he was not entitled. Pomeroy and the defendants now simply seek those very statements for which Kelley has claimed he was retaliated against. Kelley's statements to the IG have significance both substantively and for impeachment purposes. These statements are the cornerstones of this lawsuit. The defendants should be entitled to discover these statements in order for them to adequately and appropriately defend themselves.

The IG's motion to quash states that there is no new information regarding Kelley's complaint to the IG. The IG should not be the entity to decide what is germane to the defendants' case.

The IG has refused to forward *any* records to the defendants. Of significance is that the IG is not claiming any active investigation. Kelley's statement(s) were provided in 2001 and no charges were ever pursued nor presented. Providing copies of these statements would not impede nor hinder any investigation. The IG's motion concedes that their investigation has concluded. The statements sought have no relevance to any IG investigation but do have relevance to the defendants' ability to defend themselves and present their case in court. These statements contain potential admissible evidence to the jury.

Further, the IG objects on the grounds that the defendants' subpoena is overly burdensome. Besides making this general objection, there is no reasonable foundation for the IG to make this assertion. The subpoena seeks statements and documents relating to the IG's investigation concerning a meeting in January 2001. Even a cursory review of the privilege log produced by the IG indicates that there are only a few statements taken by the IG investigators and several "document(s) received from complainant." (See copy of IG privilege log, attached hereto as "Exhibit 2). This finite number of interview statements and documents simply cannot be considered overly burdensome.

Another of the IG's stated objections is that the defendants seek personal data within the parameters of M.G.L. c. 66A, sec. 1. First of all the defendants do not seek any personal data and would readily agree to waive same. In fact, there is a distinct likelihood that the defendants have already obtained more personal data through discovery in this case than the IG received during their brief investigation. Similarly, Kelley having been previously deposed should not be able to hide behind the IG's assertion of objections (including the objection based on release of personal data) in attempting to prevent the defendants from obtaining prior statements directly on point related to his lawsuit.

The defendants would assert that the need for the information sought by subpoena is reasonable and far outweighs whatever assertions presented by the IG. The privileges cited by the IG are outbalanced by the defendants' need to defend

themselves against Kelley's accusations.  The defendants state that without these documents they will be greatly prejudiced in defending themselves against the allegations set forth in Kelley's complaint.

WHEREFORE, the defendants respectfully request that the Court enter an order denying the IG's motion to quash the defendants' deposition subpoena *duces tecum* and compelling the IG to produce the records requested in said subpoena.

The defendants seek a hearing in regards to the IG's motion.

Respectfully submitted,

The defendants.
By their attorneys,


(s)JeremySilverfine
Jeremy Silverfine, BBO# 542779
Leonard H. Kesten, BBO#542042
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
617-880-7100

.

Dated: 7.16.07

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 NMG

THOMAS KELLEY, )
    Plaintiff, )
    )
    )
VS. )
    )
    )
TOWN OF PLYMOUTH and )
ROBERT J. POMEROY, as Chief of the )
Plymouth Police Department and )
Individually, )
    Defendants. )

## DEPOSITION SUBPOENA DUCES TECUM

TO:  Keeper of Records
       Office of the Inspector General
       Greg Sullivan
       One Ashburton Place, Room 1311, 13th Floor
       Boston, MA 02108

GREETINGS:

    YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rule 30 and 45 of the Federal Rules of Civil Procedure, to appear and testify on behalf of the defendants, before a Notary Public of the Commonwealth of Massachusetts, on March 14, 2007, at 10:00 A.M., at the office of Jeremy Silverfine, BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, Massachusetts, and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. You are requested to bring with you the documents on the attached Schedule "A."

    The requested records are to be used for the purposes of litigation. The foregoing counsel hereby certifies that the attached notice has been mailed this day to all counsel of record.

* In lieu of appearing, we will accept certified copies of all documents requested in Schedule "A". If you have an objection to the documents requested or cannot provide this office with a complete copy of the documents, the deposition may be necessary.
* If you have any questions, please contact Attorney Jeremy I. Silverfine upon receipt of this subpoena (617) 880-7100.

Hereof fail not as you will answer your default under the pains and penalties in the law in that behalf made and provided.

_____
Attorney for Defendants
Jeremy I. Silverfine, BBO #542779
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

DATED: 2-15-07

_____
Notary Public:
My Commission Expires

JANET E. CARUSI
Notary Public
Commonwealth of Massachusetts
My Comm. Expires May 4, 2012

Office of the Inspector General

## SCHEDULE "A"

1. Any and all documents including but not limited to reports, emails, correspondence relating to a meeting between Thomas Kelley and the Inspector General's Office on or about January 24, 2001 and any subsequent investigation.

2. An affidavit to certify that the attached records are a true and complete copy of the records concerning Thomas M. Kelley kept in the normal course of business. Said Affidavit should be signed under the pains and penalties of perjury by the Keeper of the Records.

EXHIBIT 2

# DOCUMENTS LOG

revised 6/27/07

| Document Number | Summary | Privilege claimed | Hand-written |
|---|---|---|---|
| (1) | Memo to file from Edward M. Quinn, Chief Inspector ("Quinn"), regarding results of investigation, dated April 9, 2002. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | |
| (2) | Duplicate | Same | |
| (3) | Fax cover page from complainant to Dan O'Neil, Inspector ("O'Neil"), dated February 28, 2001. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7). | |
| (4) | Blank | n/a | |
| (5) | Quinn and O'Neil memo to file regarding interview dated January 31, 2001, signed. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | |
| (6) | Duplicate, unsigned | same | |
| (7) | Document provided by person interviewed, dated March 2, 2000, unsigned. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | |
| (8) | Quinn and O'Neil memo to file regarding complaint, dated January 23, 2001, signed. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | |
| (9) | Duplicate, unsigned. | same | |
| (10) | Document provided by complainant, dated February 21, 2001. | M.G.L. c.12A, §13; 945 C.M.R. §1.05(7). | |
| (11) | Quinn's notes to file, January 7, 2001. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | X |
| (12) | O'Neil's notes to file dated January 23, 2001. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c. 12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | X |
| (13) | Quinn's notes to file, not dated. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. | X |

-1-

| | | | |
|---|---|---|---|
| (14) | Quinn's notes to file, dated January 31, 2001. | c.12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | X |
| (15) | Quinn notes, no date | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c.12A, §13; 945 C.M.R. §1.05(7); investigatory privilege | X |
| (16) | Names and addresses of town officials | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c.12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | X |
| (17) | Quinn's notes to file regarding complaint, dated January 23, 2001. | M.G.L. c. 66A, §§ 2(c), 2(k); M.G.L. c.12A, §13; 945 C.M.R. §1.05(7); investigatory privilege. | X |
| (18) | Document received from complainant, dated 1999. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (19) | Letter from B. Hansberry, General Counsel, dated January 21, 2001 | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (20) | Document received from complainant, dated March 5, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (21) | Document received from complainant, dated March 6, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (22) | Fax cover sheet to O'Neil, dated March 6, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (23) | Document received from complainant, dated July 10, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (24) | Document received from complainant, dated July 28, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (25) | Document received from complainant, dated August 22, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (26) | Document received from complainant, dated July 20, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). | |
| (27) | Document received from complainant, dated September 1, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. | |

| | | |
|---|---|---|
| (28) | Document received from complainant, dated September 6, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (29) | Document received from complainant, dated August 21, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (30) | Document received from complainant, dated September 6, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (31) | Document received from complainant, dated September 8, 2000 | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (32) | Document received from complainant, dated September 20, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (33) | Document received from complainant, dated August 31, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (34) | Document received from complainant, not dated | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (35) | Document received from complainant, dated July 25, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (36) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (37) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (38) | Document received from complainant, dated August 25, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (39) | Document received from complainant, dated September 6, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (40) | Document received from complainant, dated January 10, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (41) | Document received from complainant, dated January 16, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (42) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (43) | Document received from complainant, dated July 25, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |

| (44) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
|---|---|---|
| (45) | Document received from complainant, dated August 25, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (46) | Document received from complainant, dated September 6, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (47) | Document received from complainant, dated January 10, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (48) | Document received from complainant, dated March 16, 2001. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (49) | Document received from complainant, dated June 13, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (50) | Document received from complainant, dated March 3, 1999. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (51) | Document received from complainant, dated June 8, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (52) | Document received from complainant, dated December 12, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (53) | Document received from complainant, dated December 19, 1996. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (54) | Document received from complainant, dated June 8, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (55) | Document received from complainant, dated June 17, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (56) | Document received from complainant, dated June 17, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (57) | Document received from complainant, dated June 13, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (58) | Document received from complainant, dated June 13, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (59) | Document received from complainant, dated June 11, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (60) | Document received from complainant, dated June 11, | M.G.L. c.12A, § 13; 945 C.M.R. |

| | | |
|---|---|---|
| (61) | Document received from complainant, dated June 16, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (62) | Document received from complainant, undated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (63) | Document received from complainant, dated May 6, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (64) | Document received from complainant, dated June 3, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (65) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (66) | Document received from complainant, dated July 8, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (67) | Document received from complainant, dated June 16, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (68) | Document received from complainant, dated June 11, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (69) | Document received from complainant, dated June 11, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (70) | Document received from complainant, dated June 17, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (71) | Document received from complainant, dated June 13, 1999. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (72) | Document received from complainant, dated March 5, 1999. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (73) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (74) | Document received from complainant, dated September 6, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (75) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (76) | Document received from complainant, dated July 7, 1998. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |

| (77) | Document received from complainant, dated August 17, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
|---|---|---|
| (78) | Document received from complainant, dated August 22, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (79) | Document received from complainant, dated September 1, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (80) | Document received from complainant, dated September 1, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (81) | Document received from complainant, September 1, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (82) | Document received from complainant, dated August 22, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (83) | Document received from complainant, dated July 3, 2000. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (84) | Document received from complainant, not dated. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (85) | Document received from complainant, dated February 19, 1998. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (86) | Document received from complainant, dated June 19, 1999. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (87) | Document received from complainant, dated November 6, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (88) | Document received from complainant, dated December 2, 2997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (89) | Document received from complainant, dated July 11, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |
| (90) | Document received from complainant, dated July 14, 1997. | M.G.L. c.12A, § 13; 945 C.M.R. §1.05(7). |

-6-