UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
THOMAS M. KELLEY,                   )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        C.A. NO. 05-10596-NMG
                                    )
TOWN OF PLYMOUTH, et al.,           )
                                    )
        Defendants.                 )
_____)

JOINT STIPULATION AND PROPOSED ORDER
TO PRODUCE AFFIDAVIT AND PROPOSED
ORDER FOR THE PROTECTION OF CONFIDENTIAL MATERIAL

Pursuant to this Court's Order of June 4, 2007 ("Order"), and for good cause shown, the Court hereby orders (1) the Office of the Inspector General to produce the Affidavit of Barbara J. Hansberry, dated December 20, 2006,[1] in consideration of the Agreement between the Office of the Inspector General and the plaintiff Thomas M. Kelly; and (2) the entry of this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting any confidential material which may be contained in the Affidavit ("Protective Order").

    1.          Definitions.

As used herein, the quoted words and phrases shall have the following meanings:

    a.  "IG" shall refer to the Office of the Inspector General ("IG");

    b.  "Kelley" shall refer to the plaintiff Thomas M. Kelley;

    c.  "Counsel" shall refer to all counsel who have appeared in the above-captioned matter;

_____

[1] The IG has also filed a motion for leave to file the Affidavit by hand and not electronically.

d.  "Affidavit" shall refer to the Affidavit of Barbara J. Hansberry, dated December 20, 2006;

e.  "Agreement" shall refer to the agreement between the IG and Kelley; and

f.  "Confidential Material" is defined as follows:

    i.  any information contained in the Affidavit,

    ii. which constitutes protected confidential information under M.G.L. c. 12A, § 13, which provides, in part, "[a]ll records of the office of inspector general shall be confidential"; and

    iii. any personal data under M.G.L. c. 66A, § 1, which defines personal data as "information concerning an individual which, because of name, identifying number, mark or description can be readily associated with a particular individual;  provided, however, that such information is not contained in a public record, as defined in clause Twenty-sixth of section seven of chapter four and shall not include intelligence information, evaluative information or criminal offender record information as defined in section one hundred and sixty-seven of chapter six."

2.  **Agreement Between the IG and Kelly.**

As part of its Order, the Court recognizes that the IG will provide the

Affidavit to Kelley in exchange for Kelley agreeing to the following:

a.  Kelley will not seek any discovery from the IG's current or former officials relating to (1) the complaint that he had made to the IG's office on January 24, 2001, or (2) the IG's investigation of that complaint;

b.  Kelly will withdraw the following subpoenas:  (1) the subpoena directed to the Keeper of Records, dated July 20, 2006, which commanded the Keeper of the Records to appear and testify on August 16, 2006, and to produce and permit inspection and copying of certain documents; and (2) the subpoena, dated July 20, 2006, directed to Edward Quinn, a former Deputy Inspector General for Investigations for the IG; and (3) the subpoena, dated July 20, 2006, directed to Daniel O'Neil, a current Assistant Deputy Inspector General for the IG; calling for Quinn and O'Neil them to appear and testify at depositions scheduled for September 6, 2006; See Document Subpoena, dated July 20, 2006, attached as Exhibit ("Ex.") A;

Deposition Notice for Edward Quinn, dated July 20, 2006, attached as Ex. B; Deposition Notice for Dan O'Neil, dated July 20, 2006, attached as Ex. C; and

c. Kelley will not seek testimony relating to (1) the complaint that he made to the IG's office on January 24, 2001, or (2) the IG's investigation of that complaint, from any current or former IG officials.

3.       **Confidential Material the IG is to Disclose to Kelley.**

Pursuant to this Court's Order, and in consideration of the Agreement, the IG will provide the Affidavit after this Court enters the Joint Stipulation And Proposed Order To Produce Affidavit And Proposed Order For The Protection Of Confidential Material ("Stipulation and Proposed Orders").

4.       **Persons to Whom Confidential Material May Be Disclosed.**

Except with the prior consent of the IG's Counsel or upon further order of the Court, Confidential Material shall be disclosed only to:

a.       Counsel of record in this action;

b.       Secretaries, paralegals, or other support staff employed by Counsel, to the extent reasonably necessary to render professional legal services in this matter;

c.       Court officials involved in this litigation (including court reporters transcribing testimony or argument at court hearings and any mediator or special master appointed by the Court); and

d.       the Court.

Unless otherwise ordered by the Court, the IG may limit, for good cause, dissemination of Confidential Material to a subset of the above-listed persons.

5.      **Conditioning Disclosure.**

Confidential Material may be disclosed to a person listed in paragraph 4 above
only if such person has executed an acknowledgement in the form attached hereto as Ex.
D, stating that s/he has read the Stipulation and Proposed Orders and agrees to be bound
thereby ("Authorization").

6.            **Use of Confidential Material at Hearings and in Court Filings.**

If Counsel intends to disclose Confidential Material during Court hearings, at
trial, or in a pleading, motion, transcript, or other paper filed with this Court, Counsel
shall provide advance notice of such intention to the IG sufficient to permit the parties to
consult as to how to proceed under Local Rule 7.2.  Counsel shall not file the
Confidential Material electronically as part of any court filing.

7.            **Procedure for Eliminating Confidential Status.**

If Counsel or the IG believes that the Affidavit that is subject to the Stipulation
and Proposed Orders should not be treated as Confidential Material, Counsel or the IG
shall identify, in writing, the material that it believes should not be deemed confidential.
If such notice does not result in agreement, the aggrieved party may, by motion, seek an
order of this Court lifting confidential status for such material.  All such material shall
continue to have confidential status during the pendency of any motion to determine its
confidential status.

8.            **Right to Seek Modification.**

Although the Stipulation and Proposed Orders have been entered by joint motion
of the undersigned parties, it shall not constitute a contract between the parties preventing
a modification of the Stipulation and Proposed Orders or the establishment of additional

protection with respect to the Confidential Material.  Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require.

9.        **No Waiver.**

The Stipulation and Proposed Orders are the result of the Court's Order and in consideration of the Agreement.  The failure of a party to challenge the confidential status of Confidential Material shall not be construed in any way as an admission or agreement by such party that the designated material constitutes or contains any confidential information or personal data as contemplated by law.

10.        **Care of Confidential Material.**

Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material.

11.        **Subpoena by Other Court or Agency.**

If Confidential Material received by Counsel becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the IG of the pendency of such process or order.

12        **Limitations of the Stipulation and Proposed Orders.**

Nothing in the Stipulation and Proposed Orders shall prevent the disclosure of Confidential Material to a party providing that an Authorization is executed.  Likewise, the Stipulation and Proposed Orders shall not restrict dissemination of any Confidential Material if gained from a source other than documents or information produced by the IG to the persons listed in paragraph 4, *supra*.

Agreed to this 9th of August, 2007.


COUNSEL FOR THE
OFFICE OF THE INSPECTOR
GENERAL,


/s/ Christine Baily
Christine Baily, BBO#643759
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2014
Boston, Massachusetts 02108
 (617) 727-2200, ext. 2617



COUNSEL FOR THOMAS M. KELLEY



/s/ Joe Gallitano
Joe Gallitano
34 Main Street Ext
Suite 202
Plymouth, MA  02360

6

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **THOMAS M. KELLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 05-10596-NMG** |
| | ) | |
| **TOWN OF PLYMOUTH, <u>et</u> <u>al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## <u>ORDER OF THE COURT</u>

The above Stipulation And Proposed Order To Produce Affidavit And Proposed Order For The Protection Of Confidential Material is allowed, and its terms are to be entered as an order of this Court.


_____
United States District Judge



Dated: _____

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

Thomas M. Kelley

V.

Town of Plymouth, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:05-cv-10596-NMG

TO:  Keeper of the Records, Office of the Inspector General,
Gregory Sullivan, One Ashburton Place, Rm. 1311, 13th
Floor, Boston, MA  02108

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION   Attorney Joseph R. Gallitano, 34 Main St. Ext., Suite 202, Plymouth MA (508) 746-1500 | DATE AND TIME 8/16/2006 11:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Schedule A.
If said documents are produced certified prior to August 16, 2006, you need not appear in person to testify.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7/20/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph R. Gallitano, Esq., Attorney for the Plaintiff
34 Main St. Ext., Suite 202, Plymouth MA  02360 (508) 746-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A true copy Attest

Deputy Sheriff Suffolk County

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

Any and all documents, communications, notes, e-mails, memoranda, reports and or findings relating to an investigation by the Inspector General's Office as a result of allegations against the Town of Plymouth by Thomas M. Kelley in January of 2001, in his capacity as a Town Meeting Member and a member of the Plymouth Retirement Board regarding Chief Robert Pomeroy's use of funds to reimburse himself for benefits that were not included as part of his income and should have been shown as income to him in his departmental budget.  Kelley alleged Pomeroy was accepting compensation and not showing it in his budget in a manner that was prohibited by statute.

Any and all documents regarding any investigation of Chief Pomeroy and his receipt of so-called "Quinn Bill" funds; without the benefit of a contract or Town By-Law with Plymouth authorizing his receiving aforesaid payments and any documentation relating to action taken by the Inspector General's Office or recommendation, instructions or directives to the Town of Plymouth to take action regarding aforesaid payments to Chief Pomeroy.

# EXHIBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

Thomas M. Kelley

V.

**SUBPOENA IN A CIVIL CASE**

Town of Plymouth, et al

Case Number: 1:05-cv-10596-NMG

TO:  Edward Quinn, 13 Abigail Ave., Harwich, MA   A TRUE COPY ATTEST

DEPUTY SHERIFF

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Attorney Joseph R. Gallitano, 34 Main St. Ext., Suite 202, Plymouth MA (508) 746-1500 | 9/6/2006 10:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 7/20/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph R. Gallitano, Esq., Attorney for the Plaintiff
34 Main St. Ext., Suite 202, Plymouth MA  02360 (508) 746-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the party demanding party to contest the claim.



# EXHIBIT C

(Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ MASSACHUSETTS

Thomas M. Kelley
V.

Town of Plymouth, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05-cv-10596-NMG

Inspector Daniel O'Neil, Office of the Inspector General, One
Ashburton Place, Rm. 1311, 13th Floor, Boston, MA 02108

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| CE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| ACE OF DEPOSITION  Attorney Joseph R. Gallitano, 34 Main St. Ext., Suite 202, Plymouth MA (508) 746-1500 | DATE AND TIME  9/6/2006 1:30 am |
|---|---|

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| ACE | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| EMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, ectors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| UING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_ | 7/20/2006 |

UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

seph R. Gallitano, Esq., Attorney for the Plaintiff
Main St. Ext., Suite 202, Plymouth MA  02360 (508) 746-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

ction is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT D

I have been designated by _____ as a person who may have access to Confidential Material as this term is defined in the Joint Stipulation And Proposed Order To Produce Affidavit And Proposed Order For The Protection Of Confidential Material ("Stipulation and Proposed Orders") entered by the Court.  I have read that Stipulation and Proposed Orders.  I understand that I will be bound by the terms of that Stipulation and Proposed Orders with respect to all Confidential Material, as defined in the Stipulation and Proposed Orders, and I agree to comply fully with the terms of the Stipulation and Proposed Orders.

Signed under the pains and penalties of perjury on this ____ day of _____ 200__.

_____
[Recipient of Confidential Material]