UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 NMG

| | |
|---|---|
| THOMAS KELLEY, )<br>    Plaintiff, )<br> )<br>VS. )<br> )<br>TOWN OF PLYMOUTH and )<br>ROBERT J. POMEROY, as Chief of the )<br>Plymouth Police Department and )<br>Individually, )<br>    Defendants. ) | |

### DEFENDANTS' MOTION TO STRIKE THE AFFIDAVITS OF THOMAS KELLEY AND DENNIS M. GOVONI

The defendants ask that this Court strike two affidavits submitted by the plaintiff in opposition to summary judgment, that of the plaintiff Thomas Kelley and that of Dennis M. Govoni. As grounds for striking the former, the defendants submit that the plaintiff's affidavit – which was produced after receipt of the defendants' summary judgment motion and after plaintiff already had been deposed – violates Fed. R. Civ. P. 56 in the following manner:

The affidavit simply reiterates allegations made in the plaintiff's complaint, without providing specific factual information made on the basis of personal knowledge, and thus it is insufficient. Roslindale Coop. Bank v. Greenwald, 638 F.2d 258, 261 (1st Cir. 1981) citing Fed. R. Civ. P. 56(e). The requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise. Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999), cited in Perez v. Volvo Car Corp., 247 F.3d 303 (1st Cir. 2001). See Wright and Miller, Federal Practice and Procedure § 2738 (ultimate or conclusory facts and conclusions of law, as well as statements made on belief or on information and belief, cannot be used on summary judgment motion). Yet, here, basically the entirety of the plaintiff's affidavit

contains inappropriate conclusory facts and conclusions of law.  More particularly, the defendants submit that:

• Paragraph 4, sentence one, is plaintiff's characterization and is not based on personal knowledge;

• Paragraph 5 is not based on personal knowledge;

• Paragraph 7 contains a legal conclusion/argument as to causation;

• Paragraphs 8 and 9 contain plaintiff's characterization of findings made by the Retirement Board and Medical Panel;

• Paragraphs 10, 11 and 12 are not based on personal knowledge;

• Paragraph 13 contains a legal conclusion/argument;

• Paragraphs 14, 15 and 16 contain arguments and are not based on personal knowledge;

• Paragraph 17 contains inappropriate legal argument in stating that "Pomeroy was accepting compensation and not showing it in his budget in a manner that was prohibited by statute."

• Paragraph 18, second sentence, is not based on personal knowledge;

• Paragraph 19 is argumentative in stating that "inappropriate" compensation was ratified;

• Paragraph 20 contains legal argument and unsupported conclusions and is not based on personal knowledge;

• Paragraphs 21-46, and 48 meanwhile all contain inappropriate legal conclusions/arguments and conclusory "facts", and are not based on personal knowledge. This attempt to  reargue his case via an affidavit should be disregarded.  10B Federal Practice and Procedure § 2738.

As for the Govoni Affidavit, the defendants submit the following warrant its striking:

1. The Govoni Affidavit was produced after receipt of the defendants' summary judgment motion and after discovery had closed. It is an eleventh-hour submission and should be disregarded;

2. Further, it contains matter that is immaterial to issues on summary judgment, as discussed in Defendants' Reply in Support of Their Summary Judgment;

3. Additionally, the Affidavit:

- in paragraph 4, speaks in the third rather than the first person ("During said period you were ordered to participate") and thus is apparently not based on personal knowledge;

- in paragraphs 3, 5, 6, 7, 8, and 9, fails to include requisite specificity as to the dates of events in issue, including when, for example, Mr. Govoni was "experiencing symptoms indicative of a potential heart problem," when he was to participate in the drill, and when he was excused from participating from the same.

WHEREFORE, in light of the foregoing, the defendants respectfully request that this Court strike the affidavit of Thomas Kelley and that of Dennis M. Govoni.

Respectfully submitted,
Defendants,
By their attorneys,

/s/ Jeremy Silverfine
Jeremy Silverfine, BBO #542779
Deidre Brennan Regan, BBO #552432
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: 10/11/07