UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS M. KELLEY,
    Plaintiff,

v.                                Civil Action No. 05-10596-NMG

TOWN OF PLYMOUTH, et al
    Defendants.

**ASSENTED TO MOTION TO AMEND
PLAINTIFF, THOMAS M. KELLEY'S,
REBUTTAL TO DEFENDANTS' REPLY
MEMORANDUM TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Now comes the Plaintiff, Thomas M. Kelley, and moves this Honorable Court to Amend the Plaintiff, Thomas M. Kelley's Rebuttal to Defendants' Reply Memorandum to Plaintiff's Opposition to Defendant's Motion for Summary Judgment to correct a typographical error on page 6, paragraph 3, line 5, which reads:

    The Defendant goes on to argue that the Chief did not read anything about safety and screening of police officers because there is nothing written about it, but that is not so. The Chief says that the six professional police law enforcement organizations to which he belongs, in fact, provide information on training, but that he had never seen anything on the subject of screening and safety, which is a far cry from the **Plaintiff's** incredulous comment that it doesn't exist. And why would he read anything on the subject in any event; he doesn't see it as his area of responsibility. The Chief has never written any protocols, rules, or regulations regarding screening of police officers, concerning physical capacity or ability to do training. (Pomeroy,…

The word **Plaintiff's** should read **Defendant's**. Said corrected page is attached hereto and filed herewith.

The hearing on the Defendants' Motion for Summary Judgment and Plaintiff's Opposition to Motion for Summary Judgment is scheduled for hearing, tomorrow, November 20, 2007, at 2:30 p.m.

The Defendants have indicated there assent to said Motion to Amend.

Respectfully submitted,

Thomas M. Kelley, Plaintiff,
by his attorneys,

/s/ Joseph R. Gallitano
Joseph R. Gallitano, Esq.
BBO # 183700
34 Main Street Ext., Suite 202
Plymouth MA  02360
(508) 746-1500

/s/ Richard D. Armstrong
Richard D. Armstrong, Jr., PC
BBO # 021580
1400 Hancock Street
3rd Floor
Quincy, MA  02169
(617) 471-4400

Dated:  November 19, 2007

Assented to:

/s/ Jeremy Silverfine
Jeremy Silverfine, Esq.
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

## CERTIFICATION UNDER L. R. 7.1

I, Joseph R. Gallitano, Attorney for the Plaintiff, do hereby state that I spoke with Assistant Jeremy Silvervine and he has assented to this Motion to Amend.

/s/ Joseph R. Gallitano
Joseph R. Gallitano, Esq.

of Disputed Facts warrants this matter go to a jury. Defendants are not entitled to Summary Judgment on Count I of Plaintiff's Complaint.

**Count II. Defendant's Negligence; Willful, Wanton, and Reckless Conduct**

Chief Pomeroy by his own admission employed of management style based upon ignorance and omission. Throughout his testimony at his deposition he painted himself as the master of delegation and oblivion. Unfortunately his oblivious conduct prevented him from being aware that to those he delegated tasks also did nothing. Further at every opportunity, he failed to educate himself regarding his officers' conditions, even when repeatedly furnished with information.

The Defendants argue that the Chief's testimony is being mischaracterized in that the Chief of Police of the 145 person department (Pomeroy, TR:14, Exhibit B) had not read anything about safety in training models because nothing is written about the subject. The fact is that the Chief says that he had never read anything on the subject and yet he agrees that he has the responsibility to provide a safe work environment (Pomeroy, TR:29, Exhibit B).

The Defendant goes on to argue that the Chief did not read anything about safety and screening of police officers because there is nothing written about it, but that is not so. The Chief says that the six professional police law enforcement organizations to which he belongs, in fact, provide information on training, but that he had never seen anything on the subject of screening and safety, which is a far cry from the **Defendant's** incredulous comment that it doesn't exist. And why would he read anything on the subject in any event; he doesn't see it as his area of responsibility. The Chief has never written any protocols, rules, or regulations regarding screening of police officers, concerning physical capacity or ability to do training.