UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 MBB

| | |
|---|---|
| THOMAS KELLEY,<br>    Plaintiff, | )<br>)<br>) |
| VS. | )<br>) |
| TOWN OF PLYMOUTH and<br>ROBERT J. POMEROY, as Chief of the<br>Plymouth Police Department and<br>Individually,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PROPOSED PROTECTIVE ORDER (DOCUMENT 110)

Now come the Defendants in the above-referenced matter and hereby oppose the proposed Motion for A Protective Order filed by the Office of the Inspector General ("IG"). (Document 110).

On March 31, 2008, this Court issued a Memorandum and Order relative, in part, to the Office of The Inspector General's Motion to Quash Subpoena *Duces Tecum* or For a Protective Order. (Document 109). In its Memorandum and Order, this Court allowed for the Defendants' keeper of records deposition for the IG 's records. (Document 109, p. 13). "Defendants should prepare and serve a subpoena similar in form to the February 15, 2007 subpoena." (Document 109, p. 13). Such a subpoena was served upon the IG through counsel on April 7, 2008. (Document 110-2). The return date for this subpoena was April 17, 2008. No documents have been received by the Defendants to date.

The IG has moved once again for a protective order similar to the one it filed with the court in August 2007. This Court never approved nor entered the

August 9, 2007 "joint" stipulation proposed by the IG and Plaintiff. (Document 109, p. 9, fn. 3).

This Court's March 31, 2008 Memorandum and Order (Document 109) stated that the interests of the state can be served with a protective order *similar* (emphasis supplied) to the text in numerical paragraphs one, four, five, six (excluding last sentence) and seven through 12 of the proposed joint stipulation between the plaintiff and IG. (Document 109, p. 9). The Defendants recognize the IG's arguments for a protective order. However, the Defendants object to the proposed protective order (outlined in Document 110) for, *inter alia*, the following reasons: 1). The proposal does not allow for the Defendants' counsel to share materials with its own clients including the named defendants, such as Plymouth Police Chief Robert Pomeroy; 2). The proposal, as written, would require the Defendants to re-litigate this very same issue at each and every step of the proceedings. For instance, each time the Defendants' counsel needed to talk to a witness in preparation for trial, they would need to seek the consent of the IG or court approval, if they wished to utilize the IG material; 3). The plaintiff is not bound by the same rules in the proposal; 4). In the proposal, as written, the Defendants would almost immediately be violating the proposed protective order agreement by honoring their discovery obligations when they copy and forward the IG materials to the plaintiff; 5). There is no definition of what constitutes "advance notice" of an intent to utilize the materials. (See Document 110, p. 4, section 4).

For the above-referenced reasons, the Defendants respectfully request this Court not enter the proposed Protective Order submitted as Document 110 of this case.

        Respectfully submitted,
        DEFENDANTS,
        ROBERT J. POMEROY and the
        TOWN OF PLYMOUTH,
        By their attorneys,

        /s/ Jeremy I. Silverfine
        Jeremy I. Silverfine, BBO#542779
        Leonard H. Kesten, BBO# 542042
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

Dated: April 24, 2008