UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS M. KELLEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF PLYMOUTH, <u>et al.</u>, )<br>)<br>    Defendants. )<br>) | C.A. NO. 05-10596-NMG |

**INSPECTOR GENERAL'S ASSENTED-TO MOTION
FOR A PROTECTIVE ORDER
IN RESPONSE TO THE MARCH 31, 2008 COURT ORDER**

In its Memorandum and Order of March 31, 2008 ("Order"), the Court ordered the Office of the Inspector General ("IG") to respond to a subpoena duces tecum and deposition notice propounded by defendants Town of Plymouth, <u>et al.</u> ("Plymouth"). <u>See</u> Memorandum and Order, dated March 31, 2008 ("Order") at 3-13. The Court recognized that because the IG has a "strong and intrinsically meritorious privilege afforded confidential . . . material under the state statute, this court will recognize a qualified privilege for such confidential information as a matter of federal common law." <u>See</u> Order 8-9. The IG's records also "fall squarely within the scope of the [investigatory] privilege." <u>See</u> <u>id</u>. at 10. The Court recognized further that the Commonwealth's interests can be served by a "strict protective order." <u>See</u> <u>id</u>. at 10; <u>see also</u> 9, 13. The Court required that any records that are produced in response to a subpoena propounded by Plymouth "shall be subject to the terms of a protective order." <u>See</u> <u>id</u>. at 13.

Pursuant to the March 31, 2008, Order, the IG asks that this Court (1) order the IG to respond to the April 17, 2008, Subpoena Duces Tecum and Notice of Taking

Deposition ("Subpoena and Deposition Notice") propounded by Plymouth in the above-captioned matter; see Exhibit ("Ex.") A; and (2) enter this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting any Confidential Information that may be responsive to the Subpoena or Deposition Notice ("Protective Order").  The parties further agree to comply with the terms of this Assented-To Motion.

1. **Definitions**.

    As used herein, the quoted words and phrases shall have the following meanings:

    a. "IG" shall refer to the Office of the Inspector General;

    b. "Kelley" shall refer to plaintiff Thomas M. Kelley;

    c. "Plymouth" shall refer to defendants Town of Plymouth, et al.;

    d. "Counsel" shall refer to all counsel who have appeared in the above-captioned matter;

    e. "Confidential Information" shall be defined as follows:

        i. any information contained in the Documents that are responsive to the Subpoena; and/or

        ii. any information provided in a deposition of the Keeper of the Records in response to the Deposition Notice;

        iii. which constitutes protected information under M.G.L. c. 12A, § 13, which provides, in relevant part, "[a]ll records of the office of inspector general shall be confidential"; see Order at 5-9;

        iv. which constitutes protected information under "the investigatory privilege under federal common law; see Order at 9-10;

        v. which constitutes "personal data" under M.G.L. c. 66A, § 1, which provides, in relevant part, any "information concerning an individual which, because of name, identifying number, mark or description can be readily associated with a particular individual; provided, however, that such information is not contained in a public record, as defined in clause Twenty-sixth of section seven

       of chapter four and shall not include intelligence information, evaluative information or criminal offender record information as defined in section one hundred and sixty-seven of chapter six."

   f. "Deposition" shall refer to the Deposition that was noticed by Plymouth on April 17, 2008;

   g. "Documents" shall refer to any records that are responsive to the Subpoena propounded by Plymouth on April 17, 2008;

   h. "Keeper of the Records" shall refer to the official keeper of the Documents;

   i. "Subpoena" shall refer to the Subpoena Duces Tecum propounded by Plymouth on April 17, 2008.

2. **<u>Persons to Whom Confidential Information May Be Disclosed.</u>**

Except with the prior consent of the IG's Counsel or upon further order of the Court, Confidential Information shall be disclosed only to:

   a. Counsel of record in this action;

   b. Secretaries, paralegals, or other support staff employed by Counsel, to the extent reasonably necessary to render professional legal services in this matter;

   c. Parties to this action, providing that Counsel in advance gives the IG a list of the parties and reasonable basis as to why disclosure of Confidential Information is necessary to the case. The IG reserves the right to challenge the disclosure on the basis of reasonableness. Defendants reserve the right to challenge any refusal of the IG to allow disclosure to necessary parties;

   d. Witnesses at trial, providing that Counsel in advance gives the IG a list of witnesses and reasonable basis as to why disclosure of Confidential Information is necessary to the case. The IG reserves the right to challenge the disclosure on the basis of reasonableness. Defendants reserve the right to challenge any refusal of the IG to allow disclosure to witnesses. In addition, disclosure to witnesses will be limited to showing them the pertinent document(s). Counsel will maintain all copies of the document(s) in their custody, possession and control;

    e.    Court officials involved in this litigation (including court reporters transcribing testimony or argument at court hearings and any mediator or special master appointed by the Court); and

    f    the Court.

Unless otherwise ordered by the Court, the IG may limit, for good cause, dissemination of Confidential Information to a subset of the above-listed persons.

3. **Conditioning Disclosure.**

Confidential Information may be disclosed to a person listed in paragraph 2 above only if such person has executed an acknowledgement in the form attached hereto as Ex. B, stating that s/he has read the Motion For a Protective Order ("Motion and Proposed Protective Order") and agrees to be bound thereby ("Authorization"). This Authorization remains in effect until the Court has considered the Motion and Proposed Protective Order and thereafter, remains in effect subject to the Court's action on the Motion and Proposed Protective Order.

4. **Use of Confidential Information at Hearings and in Court Filings.**

The IG notes that this Court held that "[p]roduction of the material during discovery also does not equate with a decision to admit the material into evidence at trial. Any such determination may be addressed at trial." Order at 9.

The parties agree to reserve argument on this issue until the final pre-trial conference currently scheduled for September 9, 2008 at 2:00. Two weeks in advance of the pre-trial conference, Counsel shall notify the IG of his intention to seek to admit Confidential Information into evidence so that the IG can address the issue of the further disclosure of Confidential Information with this Court.

5. **Procedure for Eliminating Confidential Status.**

If Counsel or the IG believes that the information that is subject to the Proposed Protective Order should not be treated as Confidential Information, Counsel or the IG shall identify, in writing, the material that it believes should not be deemed confidential. If such notice does not result in agreement, the aggrieved party may, by motion, seek an order of this Court lifting confidential status for such material. All such material shall continue to have confidential status during the pendency of any motion to determine its confidential status.

6. **Right to Seek Modification.**

Although the Motion and Proposed Protective Order have been assented to by the undersigned parties, it shall not constitute a contract between the parties preventing a modification of the Proposed Protective Order or the establishment of additional protection with respect to the Confidential Information. Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require.

7. **No Waiver.**

The Proposed Protective Order is the result of the Court's Order. The failure of a party to challenge the confidential status of Confidential Information shall not be construed in any way as an admission or agreement by such party that the designated material constitutes or contains any Confidential Information or personal data as contemplated by law.

8. **Care of Confidential Information.**

Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Information.

9. **Subpoena by Other Court or Agency.**

If Confidential Information received by Counsel becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the IG of the pendency of such process or order.

10. **Limitations of the Motion and Proposed Orders.**

Nothing in the Motion and Proposed Protective Order shall prevent the disclosure of Confidential Information to a party providing that an Authorization is executed. Likewise, the Proposed Protective Order shall not restrict dissemination of any Confidential Information if gained from a source other than documents or information produced by the IG to the persons listed in paragraph 2, *supra*.

|  |  |
|---|---|
|  | COUNSEL FOR |
|  | THE OFFICE OF THE INSPECTOR GENERAL, |
|  | /s/ Christine Baily<br>Christine Baily, BBO#643759<br>Assistant Attorney General<br>Government Bureau<br>One Ashburton Place, Room 2014<br>Boston, Massachusetts 02108<br>(617) 727-2200, ext. 2617 |
| May 5, 2008 |  |
|  | THOMAS M. KELLEY, |
|  | By his attorney, |
|  | /s/ Joseph R. Gallitano<br>Joseph R. Gallitano<br>34 Main Street Extension<br>Suite 202<br>Plymouth, MA  02360 |
| May 5, 2008 |  |
|  | TOWN OF PLYMOUTH, et al., |
|  | By their attorney |
|  | /s/ Jeremy Silverfine<br>Jeremy Silverfine<br>Brody, Hardoon, Perkins & Kesten<br>One Exeter Plaza<br>Boston MA 02116 |
| May 5, 2008 |  |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **THOMAS M. KELLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | C.A. NO. 05-10596-NMG |
| | ) | |
| **TOWN OF PLYMOUTH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF THE COURT

The above Motion And Proposed Protective Order For The Protection Of Confidential Information is allowed, and its terms are to be entered as an order of this Court.

_____
United States District Judge

Dated: _____

8

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/s/ Christine Baily_____
Christine Baily
Assistant Attorney General

May 5, 2008

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I called the parties to consult about this motion.

/s/ Christine Baily
Christine Baily, BBO# 643759
Assistant Attorney General

May 5, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 NMG

THOMAS KELLEY, )
    Plaintiff, )
  )
VS. )
  )
TOWN OF PLYMOUTH and )
ROBERT J. POMEROY, as Chief of the )
Plymouth Police Department and )
Individually, )
    Defendants. )

### DEPOSITION SUBPOENA DUCES TECUM

TO:   Keeper of Records
Office of the Inspector General
One Ashburton Place, Room 1311
13th Floor
Boston, MA 02108

**GREETINGS:**

    YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rule 30 and 45 of the Federal Rules of Civil Procedure, to appear and testify on behalf of the defendants, before a Notary Public of the Commonwealth of Massachusetts, on **April 17, 2008, at 10:00 A.M.**, at the office of Jeremy Silverfine, BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, Massachusetts, and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. You are requested to bring with you the documents on the attached Schedule "A."

    The requested records are to be used for the purposes of litigation. The foregoing counsel hereby certifies that the attached notice has been mailed this day to all counsel of record.

\*    **In lieu of appearing, we will accept certified copies of all documents requested in Schedule "A". If you have an objection to the documents requested or cannot provide this office with a complete copy of the documents, the deposition may be necessary.**

\*    **If you have any questions, please contact Attorney Jeremy I. Silverfine upon receipt of this subpoena (617) 880-7100.**

Hereof fail not as you will answer your default under the pains and penalties in the law in that behalf made and provided.

_____
Attorney for Defendants
Jeremy I. Silverfine, BBO #542779
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

DATED:

_____
Notary Public:
My Commission Expires

Office of the Inspector General

## SCHEDULE "A"

1. Any and all documents including but not limited to reports, emails, correspondence relating to a meeting between Thomas Kelley and the Inspector General's Office on or about January 24, 2001 and any subsequent investigation.

2. An affidavit to certify that the attached records are a true and complete copy of the records concerning Thomas M. Kelley kept in the normal course of business. Said Affidavit should be signed under the pains and penalties of perjury by the Keeper of the Records.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10596 NMG

THOMAS KELLEY, )
    Plaintiff, )
     )
VS. )
     )
TOWN OF PLYMOUTH and )
ROBERT J. POMEROY, as Chief of the )
Plymouth Police Department and )
Individually, )
    Defendants. )

## NOTICE OF TAKING DEPOSITION

TO:    Joseph R. Gallitano, Esq., 34 Main Street, Ext., Suite 202, Plymouth, MA 02360
    Richard D. Armstrong, Jr. Esq., 1400 Hancock Street, 3rd Floor, Quincy, MA 02169
    Christine A. Baily, Assistant Attorney General, Office of Attorney General Martha Coakley, One Ashburton Place, Room 2014, Boston, MA 02108-1698

**PLEASE TAKE NOTICE** that at **10:00 a.m.** on **April 17, 2008**, at the offices of Jeremy Silverfine, BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, Massachusetts 02116, the defendants, in this action, by their attorney, will take the deposition upon oral examination of the KEEPER OF RECORDS OF OFFICE OF THE INSPECTOR GENERAL, pursuant to the provisions of Rule 30 of the Federal Rules of Civil Procedure before a Notary Public in and for the Commonwealth of Massachusetts, or before some other duly authorized officer. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Respectfully submitted,
Defendants,
By their attorneys,

/s/ Jeremy Silverfine

Jeremy Silverfine, BBO #542779
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: April 7, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 4/7/08

Office of the Inspector General

## SCHEDULE "A"

1. Any and all documents including but not limited to reports, emails, correspondence relating to a meeting between Thomas Kelley and the Inspector General's Office on or about January 24, 2001 and any subsequent investigation.

2. An affidavit to certify that the attached records are a true and complete copy of the records concerning Thomas M. Kelley kept in the normal course of business. Said Affidavit should be signed under the pains and penalties of perjury by the Keeper of the Records.

# EXHIBIT B

I, _____, have been designated by _____, as a person who may have access to Confidential Information as this term is defined in the Joint Motion For a Protective Order In Response to the March 31, 2008, Court Order ("Motion and Proposed Protective Order") filed with the Court on May 5, 2008, ("Joint Motion").

    I have read the Joint Motion.  I understand that I am bound by the terms of Joint Motion with respect to all Confidential Information, as defined in themotion, and I agree to comply fully with the  terms of the Joint Motion.  This Authorization remains in effect until the Court has considered the Joint Motion and thereafter, remains in effect until the Court enters a protective order regarding the Confidential Information.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS DAY OF _____ 200__.

                                                             _____
                                                             [Recipient of Confidential Material]

(margin annotations: Deleted: May; Deleted: ¶)